United States District Court
For the Middle District Of North Carolina

Waldo Fenner

v.

Civil Action No. 1:08CV00367

FILED JUN - 3 2008
IN THIS OFFICE
Clerk, U.S. District Court
Greensboro, N.C.
By .........

Defendants

1) Mayor Bill Bell
2) Patrick Baker
3) Steven W. Chalmers
4) Ronald Hodge
5) Lee Russ
6) Stephen Mihaich
7) Beverly Council
8) Jeff Lamb
9) R.H. Shepherd
10) B.D. Reitz
11) Timothy Stanhope
12) M.K. Bond
13) Lawrence Campbell
14) Mrs. Shannon Tucker
15) Mrs. Daniel Bruno
16) Michael S. Ferguson
17) Judge Orlando Hudson
18) Magistrate Payne
19) Magistrate T.A. Drew
20) Anthony Moss
21) Dr. Oxley, Chief Executive Officer
22) Renee Gorby
23) Chief Justice Elaine Bushfan
24) Tracey E. Cline
25) Michael Nifong

Complaintants

## Nature of Action

1. This is a civil action for damages and injunctive relief under 42 U.S.C. § 1983, 42 U. S. C. § 1985, 42 U.S. C. §1986, from John Umstead Hospital, City of Butner, Butner Public Safety Police Department, and the common law of the State of North Carolina arising one the most chilling episodes of premeditated police, prosecutorial misconduct in modern American history, which resulted in charges brought and maintained against Waldo Fenner innocent a John Umstead Hospital employee and student of Durham Technical Community College over a period of a year.

2. From July 16, 2006 to June 15, 2007, Defendants, individually and in concert, maliciously conspired to bring charges of rape and sexual assault against this one innocent employee and student. Defendants knew that these charges were completely and utterly unsupported by probable cause, and a total fabrication by a mentally troubled and drug addict whose claims, time and again, were contradicted by physical evidence, documentary evidence, and other witnesses or lack of. In their rush to accuse, Defendant willfully ignored and was deliberately in different to overwhelming evidence of Plaintiffs' actual innocence.

3. Instead, Defendants used the accuser's inconsistent and demonstrably false allegations as the fuel for a campaign to obtain indictment and win a hotly-contested election at the expense of the one innocent citizen. With a community and a nation thus inflamed and clamoring for indictment of a citizen, but with no evidence that Waldo Fenner had actually committed a crime, Defendants set about to fabricate such evidence.

And when scientific testing threatening to expose the truth by reaffirming that the accuser was lying and that no crime had occurred, Defendants conspired to conceal this exculpatory evidence in order to charge and convict the Plaintiff on "facts" they knew to be untrue. Defendants' actions evidenced a reckless and callous disregard for and deliberate indifference to Plaintiffs' constitutional rights and Defendants' responsibilities to the criminal justice system.

4. As a result of Defendants' actions, Plaintiff has suffered deprivations of the rights guaranteed to him under the Fourth and Fourteenth Amendments to the Constitution of the unite states and article I, section 19, of the north Carolina constitution; he suffered economic, emotional, and physical harm; he suffered irreparable harm to his reputation; against criminal prosecutions that the Defendants knew were baseless.

5. Moreover, because the Defendants' policies, customs, practices, and supervisory misconduct raises a substantial risk of irreparable injury to other persons in the City of Durham, Plaintiffs seek the order and permanent injunction, as set forth below, to protect all person and to prevent such misconduct from ever happen again.

    A). that prosecutors be held accountable for misconduct by way of prison

    B). that prosecutors be held by way of payment

    C). that prosecutors be held by way of termination

    D). that police officer be held by way of prison

    E). that police officer be held by way of payment

    F). that police officer be held by way of termination

    G). that management be held by way of termination

    H). that management be held by way of payment

    I). that management be held by way of prison

-2-

Case 1:08-cv-00367-TDS-PTS   Document 2   Filed 06/03/08   Page 3 of 17

# Parties

## A). The Plaintiff

6. Plaintiff Waldo N. Fenner is a citizen and resident Durham, NC for over Fourteen years.

7. As of July 16, 2006 Mr. Fenner was in good academic standing at Durham Technical Community college.

8. As of July 16, 2006 Waldo N. Fenner was in good standing at John Umstead Hospital his employer of eleven years.

9. As of July 16, 2006 Mr. Fenner was on track to graduate on May 13, 2007 Mr. Fenner was a respected member of his community, now his is the corner house man who raped and assaulted a man. Mr. Fenner had a career employment with the state of North Carolina.

## B). The Defendants'

## The District Attorney Defendants

10. Defendant Michael Nifong and Tracey E. Cline were, at all times relevant to this action, the District Attorney for the Fourteenth Prosecutorial District in North Carolina (encompassing the City of Durham and Durham County). Between July 16, 2006 and June 15, 2007 Nifong directed Tracey Cline who directed the Durham Police Department's factual investigation of the allegations regarding Waldo Fenner and in that capacity served in a supervisory and/ or policymaking role for the Durham Police Department with respect to this investigation. On June 16, 2007, Nifong was disbarred by the

North Carolina bar for his actions relating to the investigation and prosecution of the Duke Lacrosse Players. On June 18, 2007, Nifong was suspended from his position as District Attorney, and on July 2, 2007, Nifong tendered his resignation as District Attorney. On August 31, 2007, Nifong was found guilty of criminal contempt by the Superior Court for Durham County for Nifong's actions relating to the investigation and prosecution of Lacrosse Players. Upon information and belief Nifong and Cline are, and have been at all times relevant to this action, citizens and residents of North Carolina.

## The City of Durham Defendants

11. Defendant City of Durham is a municipal corporation formed under the laws of North Carolina. Upon information and belief, the City of Durham has purchased liability insurance and/or participates in a municipal risk-polling scheme sufficient under N.C Gen. Stat. §160A-485 to waive its immunity against civil liability.

12. The City of Durham operates the Durham Police Department ("Durham Police") which is the city department having enforcement authority in the City of Durham.

## A). The Supervisor Defendants

13. Defendant Mayor Bill Bell was, at all times relevant to this action, as Mayor of the City of Durham, North Carolina. In that capacity, Mayor Bill Bell served in a supervisory and/or policymaking role for the City of Durham and Police Department. Upon information and belief, Mayor Bill Bell is and has been at all times relevant to this action, a citizen and resident of North Carolina.

14. Defendant Patrick Baker was, at all times relevant to this action. The Manager of the City of Durham. In that capacity, Baker served in a supervisory and/or policymaking role for the City of Durham and Police Department. Upon information and belief, Baker is and has been at all times relevant to this action, a citizen and resident of North Carolina.

15. Defendant Steven W. Chalmers was, at all times relevant to this action. The Chief of Police for the Durham Police Department. In that capacity, Chalmers served in a supervisory and /or policymaking role for the Durham Police Department. Upon information and belief, Chalmers is and has been at all times relevant to this action, a citizen and resident of North Carolina.

16. Defendant Ronald Hodge is and was, at all times relevant to this action. The Deputy Chief of Police for the Durham Police Department. In that capacity, Hodge served in a supervisory and/or policymaking role for the Durham Police Department. Upon information and belief, Hodge is, and has been at all times relevant to this action, a citizen and resident of North Carolina.

17. Defendant Lee Russ is and was, at all times relevant to this action. Executive Officer to the Chief of Police in the Durham Police Department. In that capacity, Russ served in a supervisory and/or policymaking role for the Durham Police Department. Upon information and belief, Russ is and has been at all times relevant to this action, a citizen and resident of North Carolina.

18. Defendant Stephen Mihaich is and was, at all times relevant to this action. The Commander of Investigative Services for the Durham Police Department. In that capacity, Mihaich served in a supervisory and/or policymaking role for the Durham Police Department. Upon information and belief, Mihaich is, and has been at all times relevant to this action, a citizen and resident of North Carolina.

19. Defendant Beverly Council is and was, at all times relevant to this action. The Commander of the Uniform Patrol Bureau for the Durham Police Department. In that capacity, Council served in a supervisory and/or policymaking role for the Durham Police. Upon information and belie, Councils, and has been at all times relevant to this action, a citizen and resident of North Carolina.

20. Defendant Jeff Lamb is and was, at all times relevant to this action. The Commander of the of the District Two Uniform Patrol of the Durham Police Department. In that capacity, Lamb served in a supervisory and/or policymaking role for the Durham Police Department. Upon information and belief, Lamb is, and has been at all times relevant to this action.

## The Investigator

21. Defendant R. H. Shepherd was, at all times relevant to this action. A Detective employed by the City of Durham Police Department. In a capacity served in a supervisory and/or policymaking role for the Durham Police Department. Upon information and belief, Detective Shepherd is, and has been at all times relevant to this action, a citizen and resident of North Carolina.

22. Defendant B.D. Reitz was at all times relevant to this action. As a supervisor in the Durham Police Department. Upon information and belief, Mr. Reitz (4391) served in a supervisory and/or policymaking role for the Durham Police Department. Upon information and belief Mr. Reitz is, and has been at all times relevant to this action, a citizen and resident of North Carolina.

23. Defendant Timothy Stanhope was, at all times relevant to this action. As a supervisory employed by the Durham Police Department. Upon information and belief, Stanhope served in a supervisory and/or policymaking role for the Durham Police Department. Upon information and belief Stanhope is, and has been at all times relevant to this action, a citizen and resident of North Carolina.

24. M.K. Bond was, at all times relevant to this action. An officer employed by the Durham Police Department. Upon information and belief, M. K. Bond is, and has been at all times relevant to this action, a citizen and resident of North Carolina.

## B). The Public Defender's Office

25. Defendant Lawrence Campbell was, at all times relevant to this action. The Head of the Public Defender office of the Fourteenth Prosecutorial District in North Carolina (encompassing the City of Durham and Durham County). Between July 16, 2006 and June 15, 2007, Mr. Campbell was in a supervisory and/or policymaking role for the public defender office with respect to misconduct. Mr. Campbell allowed the District Attorney office to direct both Mrs. Tucker and Mrs. Bruno which lead to violation of my civil rights and constitutional right to due process, and complete representation of counsel, Fourth and Fourteenth Amendment. Mr. Campbell is, and has been at all times relevant to this action, a citizen and resident of North Carolina.

26. Defendant Mrs. Shannon Tucker was, at all times relevant to this action, as a Public defender employed by the state of North Carolina. Under the direction of Mr. Campbell and in the Fourteenth Prosecutorial District in North Carolina, Mrs. Tucker is and at all times relevant to this action. The public defender of Waldo Fenner from September of 2006-March of 2007 she violated client and attorney privilege when she refused to represent Waldo Fenner to her fullest, refusing to have a probable cause hearing, telling him that Miss. Cline had proof and knowingly did not, telling Mr.Fenner that Miss Cline has been talking with alleged victim and had not, telling Mr. Fenner when he refused to waive the probable cause hearing she did not care what he did because she has other cases, and trying to use intimidation which are in violation of the Fourth and Fourteenth Amendment and among others.

-8-

27. Defendant Mrs. Daniel Bruno was, at all times relevant to this action, Public Defender of the Durham Public defender Office violated my Fourth and Fourteenth Amendment. In that capacity, Mrs. Bruno served in a supervisory and/or policymaking role for the public defender office. Upon information and belief, Mrs. Bruno is and has been at all times relevant to this action, a citizen and resident of North Carolina.

## Defendants

28. Defendant Michael S. Ferguson was, at all times relevant to this action. Mr. Ferguson took out false charges, tried to extort money violated the fourth, and the Fourteenth Amendment of the Constitution of the United States and North Carolina Constitution. Mr. Ferguson is, and has been at all times relevant to this action. Upon information and belief Mr. Ferguson is and has been at all times relevant to this action, a citizen and resident of North Carolina.

29. Defendant Judge Orlando Hudson was, at all times relevant to this action. A Superior Court Judge in the Fourteenth Prosecutorial District of North Carolina (encompassing the city of Durham and Durham County). In that capacity Mr. Hudson served in a supervisory and/or policymaking role for the City of Durham Court House and County of Durham. Upon information and belief Hudson is, and has been at all times relevant to this action, a citizen and resident of North Carolina.

30. Defendant Chief Justice Elaine Bushfan was, at all times relevant to this action, the Chief Justice Judge of District Courts in the Fourteenth Prosecutorial District in North Carolina (encompassing the City of Durham and Durham County). In that capacity Chief Justice Bushfan served in a supervisory and/or policymaking role for the City of Durham Court House and County of Durham. Upon information and belief Bushfan is, and has been at all times relevant to this action, a citizen and resident of North Carolina.

31. Defendant Magistrate Payne was, at all times relevant to this action. A magistrate in the Fourteenth Prosecutorial District in North Carolina (encompassing the City of Durham and Durham County). On July 24, 2006 issued a search warrant in violation of the Constitution of the United States and Fourth, and Fourteenth Amendment to the Constitution under The United States and North Carolina Constitution. Upon information and belief Payne is, and has been relevant to this action, a citizen and resident of North Carolina.

32. Defendant Magistrate T. A. Drew was, at all times relevant to this action. A magistrate in the Fourteenth Prosecutorial District in North Carolina (encompassing the City of Durham and Durham County). On July 21, 2006 set a bond of $20,000 for crimes against nature and assault by that action violated the United States Constitution and in violation of my Fourth and Fourteenth Amendment rights of the Constitution. Upon information and belief Drew is, and has been relevant to this action, a citizen and resident of North Carolina.

## The City of Butner Defendants

33. Defendant City of Butner is a municipal corporation formed under the laws of North Carolina. Upon information and belief, the City of Butner has purchased liability insurance and/or participates in a municipal risk-polling scheme sufficient under N. C Gen. § 160A-485 to waive its immunity against civil liability.

34. The City of Butner operates the Butner Police Department ("Butner Police") which is the city department having enforcement authority in the city of Butner.

35. Defendant Anthony Moss Chief of Butner Public Safety was, and at all times relevant to this action on July 21, 2006 at 10:30am and before. As the Chief of Police for Butner Public Safety. In that capacity, Mr. Moss served in a supervisory and/ or policymaking role for Butner Police Department. A department that works and administer law, safety, policymaking, and security at times for John Umstead Hospital. Butner Public safety failed to protect and serve, and administer justice according to Butner, John Umstead Hospital, and State policy. When they arrested me in front of patients and staff (on charges that I was found innocent of) in our clinic and not at our administration building according to policy and procedure. By doing so they violated my civil rights to due process, Fourth, and Fourteenth Amendment to our Constitution. Upon information and belief, Butner Public Safety is and has been relevant to this action.

-11-

# Defendants of John Umstead Hospital

36. Defendant Dr. Oxley as the Chief Executive Officer of John Umstead Hospital was, at all times relevant to this action, on July 21, 2006 at 10:30am. As the Chief Administrator for John Hospital. In that capacity, Dr. Oxley served in a supervisory and/or policymaking role for the hospital in Butner, NC. Upon information and belief, Dr. Oxley is and has been at all times relevant to this action, a citizen and resident of North Carolina.

37. Defendant Renee Gorby as The Director of Nursing was, at all times relevant to this action, on July 21, 2006 at 10:30am. As Director of Nursing. In that capacity, Mrs. Gorby served in a supervisory and/or policymaking role for the hospital in Butner. Upon information and belief, Mrs. Gorby is and has been at all times relevant to this action, a citizen and resident of North Carolina.

## Jurisdiction and Venue

38. This action arises under the Fourth and Fourteenth Amendments to the Constitution of the United States; Article I, Section 19, of the North Carolina State Constitution; 42 U.S.C. § 1983; 42 U. S. C.§ 1985; 42U.S. C.§ 1986; 42 U S. C § 1988(b); and North Carolina Law

39. This action is between citizens and the matter in controversy exceeds the sum of $75,000, exclusive of interest and cost.

40. Venue is proper in the middle District of North Carolina pursuant to 28 U. S. C §1391(b), (2), and (3), because most or all the defendants reside and may be found in the Middle District of North Carolina and a substantial part of the events giving rise to these claims occurred in the middle District of North Carolina.

## Factual Allegations

### A). Durham Police Officers initially concluded that Mr. Michael S. Ferguson Rape Allegation were false.

# 1. Michael S. Ferguson

41. In early evening of July 16, 2006, a drug addict of multiple years and in active addiction, unemployed, on probation and criminal history with conviction at the time of these allegations. Mr. Ferguson claimed that he was sexually assaulted at 1119 Clarendon Street. Mr. Ferguson claimed he left between 7:30pm and 8:30pm after alleged incident according his court testimony, the Defendant Mr. Ferguson then claimed that he had marks on arm, he was licked on back of neck, blood on his face from hitting the door and wall in the bathroom, while he was running his bath water, and he claimed that he was hit in face with fist, all from Mr. Fenner.

42. No DNA, witnesses, and no physical evidence, that Mr. Fenner was the one. Officer Shepherd and partners refused to search the home of Waldo Fenner or talk to him during the five days before <u>officer Shepherd took out arrest warrant</u>, "which is against Durham Police Departmental Policy", where he claimed Mr. Ferguson was sexually assaulted.

43. Mr. Ferguson claimed he called his girl friend from the alleged suspect's home while alleged suspect was standing outside smoking. He walks passed alleged suspect, passes forty to sixty homes, his girlfriend is less than a ten minute walk and an extra five minutes would have put him at police department.

44. He waited to call the police two to three hours later; He has his girlfriend to call them between 10:50 and 11pm. While at Duke Hospital Mr. Ferguson refused the rape crisis help also he claimed his girlfriend was a cop from California. Upon information and belief, Mr. Ferguson and girlfriend was under the influence of Alcohol and/or drugs before, during and after alleged incident.

-15-

IV. RELIEF

State briefly and exactly what relief you want from this court.

$50,000,000.00 million dollar

jury trail requested

Signed this __3__ day of __June__, 20_08_.

_Waldo Jenn_____
Signature of plaintiff

_1119 Clarendon_____
Address

_Street, Durham N.C 27705_

_(919) 425-5436_____
Telephone number

14