**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| WALDO FENNER, Plaintiff, | ) | |
| v. | ) | 1:08CV367 |
| BILL BELL, *et al.*, Defendants. | ) | |

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on four motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Each of these motions represent the interests of one or more of the 25 named Defendants in this case. All Defendants except Michael S. Ferguson ("Ferguson"), who is unrepresented, move for dismissal at this time.

Plaintiff filed this action pro se on June 3, 2008 seeking damages under 42 U.S.C. §§ 1983, 1985, and 1986. The facts underlying his claims are briefly alleged in the Complaint as follows. On July 16, 2006, Defendant Ferguson reported that he had been sexually assaulted at 1119 Clarendon Street in Durham, North Carolina. Ferguson identified Plaintiff as his attacker, and the Durham Police Department subsequently arrested Plaintiff and charged him with the assault. Unfortunately, neither Plaintiff nor Defendants describe what took place after Plaintiff's arrest with any degree of detail. However, it is clear that Plaintiff was never found guilty of any crime.

Plaintiff claims that his arrest on allegedly false charges was part of a conspiracy between Ferguson and the 24 other Defendants named in the Complaint. These individuals include district attorneys, public defenders, judges, the Mayor and City Manager of the City of Durham, managing officials of the City of Butner and John Umstead Hospital, and numerous members of the Durham Police Department, including the Chief and Deputy Chief. These Defendants now move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff alleges insufficient specific facts as to each of them to support his claims.

**Discussion**

The standard of review under Rule 12(b)(6) was recently clarified in Giarratano v. Johnson, 521 F.3d 298, 302 & 304 (4th Cir. 2008), where the court stated:

> [W]e "take the facts in the light most favorable to the plaintiff," but "we need not accept the legal conclusions drawn from the facts," and "we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000); see also Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Additionally, the complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." Bell Atl. Corp. v. Twombly, ____ U.S. ____, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007) (emphasis added).
>
> . . . .
>
> The conclusion that dismissal is appropriate comports with Twombly, ____ U.S. ____, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), [when the pleadings do not disclose] "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. In Twombly, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

> formulaic recitation of the elements of a cause of action will not do," id. at 1964-65, upheld the dismissal of a complaint where the plaintiffs did not "nudge [ ] their claims across the line from conceivable to plausible." *Id.* at 1974.

The requirement that a *pro se* complaint be liberally construed does not diminish this standard. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). In all cases, substantive, non-conclusory factual allegations must support the plaintiffs' claims. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-55 (2007).

Here, in contrast, Plaintiff fails to offer adequate factual support for his claims against any of the moving Defendants. In fact, he even fails to allege how the vast majority of them are at all implicated in, or even related to, this action. Allegations of a conspiracy, without more, are simply insufficient to support legal claims. As stated above, a plaintiff must allege sufficient facts to put each defendant on notice of the claim or claims against him, and each claim must be plausible on its face. Plaintiff has not met these criteria for any of the 24 Defendants who now move for dismissal.

Dismissal is clearly appropriate for the numerous Defendants against whom Plaintiff alleges no facts at all. These Defendants received no notice of which claims, if any, are pending against them, and the claims themselves are wholly unsupported by any facts which would tie the named Defendants to any cognizable injury. Instead, Plaintiff merely states that seventeen Defendants are liable due to their "supervisory and/or policymaking role[s]"; however, he never claims that any allegations are personally

attributable to any of these individuals. Thus, these Defendants, namely Bill Bell, Patrick Baker, Steven W. Chalmers, Ronald Hodge, Lee Russ, Stephen Mihaich, Beverly Council, Jeff Lamb, R.H. Shepherd, B.D. Rietz, Timothy Stanhope, M.K. Bond, Mrs. Daniel Bruno, Judge Orlando Hudson, Dr. Oxley, Renee Gorby, and Chief Justice Elaine Bushfan, must be dismissed accordingly.

The conclusory allegations provided for six of the seven remaining movants are little better than the complete lack of facts provided for the Defendants above. None of the facts alleged in the Complaint connect these Defendants to any cognizable depravation of constitutional rights. The allegations against them are as follows.

- "[Defendant] Nifong directed [Defendant] Tracey Cline who directed the Durham Police Department's factual investigation of the allegations regarding [Plaintiff]." (Compl. ¶ 10.)
- Defendant Lawrence Campbell "allowed the District Attorney['s] office to direct" public defenders Tucker and Bruno. (Compl. ¶ 25.)
- Defendant Anthony Moss serves as the Chief of Police for Butner Public Safety, and, when Plaintiff was arrested in front of patients and staff, Butner Public Safety violated his right to due process as well as his rights under the Fourth and Fourteenth Amendments. (Compl. ¶ 35.)

- Defendant Magistrate Payne issued a search warrant on July 24, 2006 in violation of the Fourth and Fourteenth Amendments of the United States Constitution. (Compl. ¶ 31.)
- On July 21, 2006, Defendant Magistrate Drew set a bond of $20,000 for Plaintiff's release in violation of the Fourth and Fourteenth Amendments of the United States Constitution. (Compl. ¶ 32.)

Plaintiff's allegations as to Defendants Nifong, Cline, Campbell, and Moss do little more than state each Defendant's supervisory role, as was the case with the seventeen additional Defendants discussed above. And, once again, Plaintiff fails to factually connect these supervisory roles to any deprivation of his rights.[1] While Plaintiff does assert some non-supervisory actions on the part of Defendants Payne and Drew, he again fails to draw the necessary lines connecting these actions to any injury. His allegations that his Fourth and Fourteenth Amendment rights were violated by these actions, namely setting of bond and issuing a search warrant, are wholly conclusory and cannot adequately support plausible legal claims. Accordingly, all five of these Defendants must be dismissed pursuant to Rule 12(b)(6).

[1]Plaintiff does claim that Butner Public Safety, under Moss's supervision, violated his rights by arresting him at the facility. However, he never explains why his arrest was in error.

Plaintiff's allegations regarding the remaining movant, Defendant Tucker, contain a level of factual support absent from the previous claims and merit additional attention. Plaintiff specifically claims that Defendant Tucker violated his rights while serving as his court-appointed counsel, during which time he alleges that:

> she violated client and attorney privilege when she refused to represent [][Plaintiff] to her fullest, refus[ed] to have a probable cause hearing, [told Plaintiff] that [][Defendant] Cline had proof [][when she] knowingly did not, [told Plaintiff] that [][Defendant] Cline ha[d] been talking with [the] alleged victim [][when she] had not, [told Plaintiff] when he refused to waive the probable cause hearing [that] she did not care what he did because she has other cases, and trying to use intimidation . . . in violation of the Fourth and Fourteenth Amendment[s].

(Compl. ¶ 26.) In essence, Plaintiff argues that Tucker's actions constituted ineffective assistance of counsel. However, in taking this line of reasoning, Plaintiff ignores his own Complaint, which later states that he was never convicted of any crime. (Compl. ¶ 35). To show ineffective assistance, a plaintiff must show not only that his "representation fell below an objective standard of reasonableness," but also that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". Strickland v. Washington, 466 U.S. 668, 688 (1984). Without a cognizable injury, Plaintiff's claims simply cannot succeed, and Defendant Tucker, like the other movants, must be dismissed from this action.

Defendant Ferguson's position as the sole remaining Defendant leaves Plaintiff's claims on extremely weak footing. Plaintiff

only seeks damages under 42 U.S.C. §§ 1983, 1985, and 1986.[2] Notably, § 1983 limits liability to persons acting under color of law. In other words, conduct is only actionable under this statute when that conduct is fairly attributable to the state. See, e.g., United Auto Workers, Local No. 5285 v. Gaston Festivals, Inc., 43 F.3d 902 (4th Cir. 1995). This section does not apply to individuals who lack such a connection. In the present case, Plaintiff never alleges that Defendant Ferguson was a state actor, nor is there any discernable evidence to that effect. The Complaint simply states that Defendant "Ferguson took out false charges, tried to extort money [sic] violated the fourth, and the Fourteenth Amendment of the Constitution of the United States and North Carolina Constitution." (Compl. ¶ 28.) Plaintiff never specifies how Defendant's alleged false charges or attempted extortion[3] amount to constitutional violations, nor does he describe any other acts by Defendant Ferguson that could amount to such violations. In the complete absence of facts connecting Ferguson to any state action, Plaintiff's claims under § 1983 must be dismissed.[4]

---

[2]Plaintiff also cites 42 U.S.C. § 1988(b) in the jurisdictional section of his Complaint. (Compl. ¶ 38.) However, this section merely allows a prevailing party in a § 1983 action to recover attorney's fees; it is not a separate basis for damages.

[3]Notably, paragraph 28 of the Complaint, as set out above, is the sole reference to Ferguson's alleged extortion attempt.

[4]See, e.g., United Auto Workers, Local No. 5285 v. Gaston Festivals, Inc., 43 F.3d 902 (4th Cir. 1995)(affirming sua sponte dismissal of claims under § 1983 where Plaintiff failed to prove state action).

Plaintiff's remaining claims under §§ 1985 and 1986 are equally meritless. While § 1985 may, in certain instances, sustain wholly private conduct infringing First Amendment rights, see United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 833 (1983)(discussing the private application of § 1985(3)), several problems exist with its application in the present case. First, § 1985(3) is applicable only in cases of conspiracy, which is precluded in the present case by the dismissal of all Defendants except Ferguson. Id. Second, "there must be some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action." Id. at 834 (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). Here, however, Plaintiff makes no claim that his alleged treatment was discriminatory in nature. Third and finally, Plaintiff never invokes the First Amendment.

In short, Plaintiff's § 1985 claim cannot survive as pled. Additionally, because § 1986 only applies where "one who has knowledge and power to act" fails to "redresses wrongs proscribed by § 1985," Gratton v. Burnett, 710 F.2d 160, 162 (D. Md. 1983), Plaintiff's claim under this statute must also be dismissed as derivative of his § 1985 claim.

**IT IS THEREFORE RECOMMENDED** that Defendant Ferguson be dismissed.

**IT IS FURTHER RECOMMENDED** that Defendants' motions to dismiss (docket nos. 6, 8, 10, and 12) be granted, and that Judgment be entered dismissing this action.

/s/ Donald P. Dietrich
**Donald P. Dietrich**
**United States Magistrate Judge**

August 17, 200